IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| BRUCE TRABB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 2673 |
| ) | Paul E. Plunkett, Senior Judge |
| BANC ONE CAPITAL MARKETS, INC., and ) | |
| J.P. MORGAN SECURITIES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Bruce Trabb ("Plaintiff") has sued his former employer, Banc One Capital Markets, Inc. ("Banc One"), now known as J.P. Morgan Securities, Inc. (collectively, "Defendants"), for lost commissions under the brought under the Illinois Wage Payment and Collection Act, ("IWPCA") 820 Ill. Comp. Stat. 115/1 *et seq.*, and for breach of contract. The case is before the Court on Plaintiff's motion to compel arbitration and stay proceedings. For the reasons set forth below, the motion is granted.

## Background

The following facts are undisputed unless otherwise noted. While employed by Banc One as a managing director, Trabb submitted a budget proposal to his superiors that included a provision

that Trabb receive a fifteen percent commission from all sales in his department. He claims that this provision was approved for the year 2000 budget. The commission was allegedly due to be paid on May 1, 2000. The company informed him in August 29, 2000, that he would not be receiving this commission. On February 12, 2002, Trabb was terminated because Banc One discontinued the product Trabb had developed and sold. Trabb bargained for his continued employment, asking for thirty days to develop a new product and devise a means of continuing to sell the old product. The company allegedly accepted these terms. According to his complaint, Trabb was successful but Banc One nonetheless terminated his employment on March 11, 2002. On March 31, 2005, Trabb filed a lawsuit in Cook County Circuit Court seeking damages related to the lost commissions and the violation of the agreement for continued employment he claims he had with Banc One.

Soon after his termination from Banc One, Trabb requested his personnel file. The documents in that file did not indicate that any dispute he had with the company were to be resolved through arbitration. Thus, on April 11, 2005, Plaintiff's counsel contacted Defendants' counsel to inquire about whether Plaintiff had executed a Form U-4 ("U-4"), a registration form for the National Association of Securities Dealers ("NASD") that includes an arbitration provision. Defendants' counsel replied that he was exploring the very same issue and would provide Plaintiff with a copy when and if the form were located. On May 3, 2005, Defendants' counsel faxed Plaintiff copies of two U-4's signed by Trabb in 1996 and 1999. That same day, Defendants asked if Plaintiff would agree to arbitrate. Defendants needed an immediate answer because of a looming deadline for filing a removal petition. Plaintiff's counsel indicated that they would need more than one day to confer with their client about the matter. On May 4, 2005, Defendants filed a motion to remove the case to federal court.

The case was originally assigned to another judge but was transferred to this Court on May 17, 2005, due to that judge's conflict of interest. On May 27, 2005, Defendants filed a motion to dismiss. The first court date in the case was set for June 2, 2005. At some point between those two dates, Plaintiff advised Defendants he planned to proceed in arbitration and asked Defendants to agree to stay the federal proceeding pending arbitration. Defendants responded that they needed time to confer.

At the initial court date on June 2, 2005, Plaintiff notified the Court that he intended to arbitrate the matter, and Defendants notified the Court that they would probably oppose arbitration. On June 7, 2005, Defendants formally indicated they would oppose arbitration. Plaintiff filed his motion to compel arbitration on June 14, 2005.

## Discussion

There is no disagreement that the dispute between the parties is subject to arbitration. The only issues to decide are whether Plaintiff waived his right to arbitration by filing his lawsuit in state court and then waiting until Defendants filed a fully dispositive motion to dismiss before filing his motion to compel arbitration.

Where, as here, a party elects "to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate." *Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995). "Once a party selects a forum, the courts have an interest in enforcing that choice and not allowing parties to change course midstream." *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 650 (7th Cir. 2000). Circumstances may arise, however, that serve to rebut the presumption of waiver. *Cabinetree*, 50 F.3d at 390–91.

Thus, the court must examine the totality of circumstances to determine "whether the party filing the lawsuit intended to elect a judicial forum rather than the arbitral tribunal. *Iowa Grain Co. v. Brown*, 171 F.3d 504, 510 (7th Cir. 1999).

Plaintiff claims he filed his lawsuit in state court because he was unsure of whether arbitration was an option when he filed. This explanation, if plausible, undercuts the notion that he intentionally chose one forum over another. *See id.* ("[U]ncertainty about the right to arbitrate is a factor that tends to undermine a finding of waiver from the mere filing of a court action."). There are three factors suggesting that Plaintiff was aware of his right to arbitration, or at least should have been. First, Plaintiff appears to have signed two U-4s in 1996 and 1999, putting him on notice that the dispute was subject to arbitration. Second, Plaintiff received a Form U-5 when he was terminated from Banc One, indicating that his registration with the NASD was also terminated. Thus, even if he had forgotten signing the U-4s, he should have been aware that he was registered with the NASD. It should be noted that the Form U-5 does not refer to arbitration. Third, as Defendants argue, Plaintiff could have been more diligent in his search for his registration status, available through a phone call to NASD. Defendants contend that Plaintiff knowingly elected to proceed in state court, but was scared off from continuing in a judicial forum when the case was removed to federal court and Plaintiff received Defendants' motion to dismiss.

However, the undisputed facts show that both Plaintiff and Defendants were unclear about Trabb's NASD registration. Three weeks passed before Defendants could definitively answer Plaintiff's inquiries on the matter. Defendants were in possession of the U-4s, and Plaintiff was not, underscoring the difficulty in ascertaining the information.

-4-

Moreover, the clock was ticking for Plaintiff. One of his claims, brought under the IWPCA., was nearing the twilight of the applicable statute of limitations period. There is a five-year period of limitation for such claims, *Dep't of Labor v. Tri State Tours, Inc.*, 342 Ill. App.3d 842, 848 (2003), and Defendants were allegedly required to pay Plaintiff the commissions at issue on May 1, 2000. The Seventh Circuit envisioned just such a circumstance as an example of a case in which waiver should not be found. *Cabinetree*, 50 F.3d at 391 (allowing that where there are "doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run . . . . the district court should find no waiver or permit a previous waiver to be rescinded").

Had Plaintiff waited until he received an unfavorable ruling in this Court to file his motion to compel, we might be persuaded to find waiver. *See Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 651 (7th Cir. 2000); *see also Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) ("[W]e do not want parties to forum shop, taking a case to the courts and then, if things go poorly there, abandoning their suit in favor of arbitration."). The Seventh Circuit asks us to weigh heavily the prejudice done to the party opposing arbitration. *Cabinetree*, 50 F.3d at 391. Because Plaintiff reacted quickly, filing his motion just over a month after confirming his right to arbitrate, Defendants were not significantly harmed. There is no ruling on their motion to dismiss that will be cast into doubt by moving the matter to a new forum. The issues Defendants raised in their motion to dismiss may be raised in the arbitral forum. Moreover, discovery has not yet begun. The litigation has just begun. We therefore find that Plaintiff did not knowingly waive his right to arbitrate. Plaintiff's motion to compel is granted.

## Conclusion

For the reasons set forth above, Plaintiff's motion to compel arbitration and stay the proceedings is granted.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** AUG 1 8 2005